FILED

**NOT FOR PUBLICATION**

MAR 07 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| BHAKTA BAHADUR MAHARJAN, | No. 07-71080 |
| Petitioner, | Agency No. A079-610-926 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 17, 2011
San Francisco, California

Before: TALLMAN and CALLAHAN, Circuit Judges, and CONLON, District
Judge.**

Bhakta Bahadur Maharjan, a native and citizen of Nepal, seeks review of the

denial of asylum and withholding of removal by the Board of Immigration Appeals

("BIA"). Maharjan alleges that he fled Nepal because Maoist insurgents

---

* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

** The Honorable Suzanne B. Conlon, United States District Judge for
the United States District Court for Northern Illinois, sitting by designation.

threatened to kill him because he was an active member of the Nepali Congress Party. The BIA found Maharjan to be "generally credible," but held that the actions taken against him by Maoist insurgents did not rise to the level of past persecution. Because these activities, as alleged by Maharjan, compel a finding of past persecution, the BIA's denial of asylum is vacated.[1]

In order to prove past persecution, Maharjan had to show that he was persecuted on account of his political opinion, by forces that the government was unable to control, and that the Maoist insurgents' acts rose to the level of persecution. *Baballah v. Ashcroft,* 367 F.3d 1067, 1074 (9th Cir. 2004). Although Maharjan urges that in this case we should review the BIA's determination de novo, *see Boer-Sedano v. Gonzales*, 418 F.3d 1082, 1088 (9th Cir. 2005), we generally review decisions by the BIA that petitioners have not demonstrated past persecution for substantial evidence. *See Lolong v. Gonzales*, 484 F.3d 1173, 1178 (9th Cir. 2007) (en banc). Here, applying the substantial evidence standard of review, we find that Maharjan has made a compelling showing of past persecution.

The BIA agreed that Maharjan was probably targeted because of his political opinion and that the government could not control the Maoist insurgents. It also

---

[1] The parties are familiar with the facts of this case and we repeat them here only as necessary.

found that Maharjan was generally credible. Accordingly, his allegations are accepted as true. *See Edu v. Holder*, 624 F.3d 1137, 1143 (9th Cir. 2010). Maharjan alleged that: (1) the Maoists threatened him because of his political activism; (2) the Maoists assassinated Maharjan's political associate in his presence; (3) thereafter, the Maoists continued to threaten to kill him and extorted money from him; (4) Maharjan reported the threats and extortion to the police who stated that they could not protect him; (5) the Maoists were capable of carrying out the threats and had killed many others; and (6) after Maharjan fled Nepal, the Maoists continued to inquire as to his whereabouts. Under our case law, these allegations, which are accepted as true, compel a finding of past persecution. *See Canales-Vargas v. Gonzales*, 441 F.3d 739, 743 (9th Cir. 2006) (stating that the court has "consistently held that death threats alone can constitute persecution"); *Smolniakova v. Gonzales*, 422 F.3d 1037, 1048 (9th Cir. 2005) (stating that the petitioner's account of the assault on her "alone compels a finding of past persecution"); *Khup v. Ashcroft*, 376 F.3d 898, 904 (9th Cir. 2004) (threats combined with killing of colleague constituted past persecution); and *Lopez v. Ashcroft*, 366 F.3d 799, 803 (9th Cir. 2004) (vacating the BIA's finding of no past persecution where the petitioner was bound and placed in a burning warehouse by guerillas, but escaped with minor burns that did not require medical treatment).

3

To the extent that the government asserts that Maharjan can safely relocate to another part of Nepal, that assertion is not supported by substantial evidence in the existing record. Specifically, it is not supported by Maharjan's testimony that he hid for eight months out of fear of the Maoists before leaving Nepal. Moreover, the materials in the record indicate that the Maoists posed a significant threat throughout Nepal.

Because we find that the record compels a finding of past persecution, we do not consider Marharjan's argument that even if he has not shown past persecution, he has shown a well founded fear of future persecution.

Finally, we review de novo Maharjan's claim that he was denied due process because of deficiencies in the translator at his hearing before the immigration judge. *Perez-Lastor v. INS*, 208 F.3d 773, 777-78 (9th Cir. 2000). We determine the translation problems were minor, they did not affect the presentation of Maharjan's case, and the ambiguities and vagueness in Maharjan's testimony appear to have been deliberate and not due to any failing on the part of the translator. Accordingly, the alleged problems with the translator did not deny Maharjan due process.

The petition is **GRANTED**, the denial of asylum is **VACATED**, and the

petition is **REMANDED** to the BIA for further proceedings. *See INS v. Orlando*

*Ventura*, 537 U.S. 12, 16 (2002).